## Cannon Estate

*Richard N. McKee*, for proponent of earlier will, petitioner.

*Alfred V. Papa*, for proponent of later will, contra.

LYON, *J.*, January 15, 1976—Kenneth Cannon died on March 17, 1975. On March 19, 1975, decedent's purported last will and testament, dated November 10, 1971, was admitted to probate by the Register of Wills of Lawrence County, Pa. At the same time, petitioner, Karen Pia, was duly and lawfully qualified as the executrix of decedent's estate under the terms of that will.

Shortly thereafter, one of decedent's sons, Kenneth E. Cannon, requested the Register of Wills of Lawrence County to probate a subsequent purported will of decedent as his official last will and

testament. The register immediately scheduled a hearing upon the request for May 22, 1975. However, on May 14, 1975, eight days before the hearing scheduled before the register, a citation was issued upon Kenneth E. Cannon to show cause why the dispute pending before the register should not be certified to the Orphans' Court of Lawrence County for determination. The answer to the citation contends that the requested certification is contrary to law.

The arguments of the parties focus upon sections 907 and 3138 of the Probate, Estate and Fiduciaries Code (Act of June 30, 1972, P.L. 508 (No. 164), 20 Pa.C.S. §§907 and 3138) (now known as the Decedents, Estates and Fiduciaries Code).

Section 907 provides:

"Whenever a caveat shall be filed or a dispute shall arise before the register concerning the probate of a will, the grant of letters or the performance of any other function by the register, he may certify, or the court upon petition of any party in interest may direct the register at any stage of the proceedings to certify, the entire record to the court, which shall proceed to a determination of the issue in dispute. No letters of administration pendente lite shall be granted by the register after proceedings have been removed to the court except by leave of court."

Section 3138 provides:

"If a later will or codicil is submitted to the register for probate within three months of the testator's death but after the register shall have probated an earlier instrument, the register, after such notice as he deems advisable, but with at least ten-days' notice to the petitioner who presented the probated

instrument if he has not requested probate of the later will or codicil, shall have power to open the probate record, receive proof of the later instrument or instruments and amend his probate record."

Cannon plainly proceeded under the provisions of section 3138 to have the subsequent purported will probated by the register of wills. His written brief contesting the certification of the dispute to the Orphans' Court is bottomed upon the contention that the Probate, Estates and Fiduciaries Code places in the register exclusive jurisdiction and responsibility for making the initial determination of which of two wills is lawfully entitled to probate and that the jurisdiction of the Orphans' Court can be invoked only by an appeal from that decision. We disagree. Section 1933 of the Statutory Construction Act of November 25, 1970, P.L. 707 (No. 230), (1 Pa.C.S. §1933), provides: "Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both." Since there is no irreconcilable conflict between the general provisions of section 907 and the special provisions of section 3138, we must construe these sections as providing alternate procedures for obtaining the requested judicial determination.

Section 3138 is a reenactment of section 308 of the Register of Wills Act of October 9, 1967, P.L. 417 (20 P.S. §1840.308), and section 907 is a reenactment of section 207 of the Register of Wills Act of June 28, 1951, P.L. 638, art. II (20 P.S. §1840.207). Section 207 of the Act of 1951 included the substance of sections 18 and 19 of the Register of Wills Act of 1917. As in the case of the Act of

1917, it has been held under section 907 that it was not the intention of the legislature to abolish the jurisdiction of the Register of Wills regarding disputes arising from attempted probate of alleged testamentary writings and thus have the Orphans' Court assume the functions of a register's court: Ulmer Estate, 53 Lanc. 61, 80 D. & C. 359, 2 Fiduc. Rep. 297 (1952). Under the Act of 1917, the court would not direct a certification on petition of the proponent, without a hearing, unless it was clearly shown that the matter was being unduly delayed or that unusual disputed questions had arisen before the register: Greenawalt's Estate, 1 Leb. 259, 58 D. & C. 487 (1946). Although the question of certifying the record to the Orphans' Court is discretionary with the court, there must be some real reason for the transfer of the proceedings from the register to the Orphans' Court before the register has held a hearing or rendered a decision. Certification of a case from the register to the Orphans' Court is to be exercised with caution.

There was no hearing in the instant proceedings and no testimony was taken. The petition for certification of the dispute contains merely a general averment of testamentary incapacity and undue influence or duress in the execution of the subsequent purported will. In equally general terms, it avers that the hearing before the register "would be a long and lengthy, complicated hearing, and one which would involve many witnesses for each side." It concludes by stating:

"It is the opinion of the petitioner that the decision of the Register in this matter, regardless of what that decision might be, will be appealed into court by the party adversely affected thereby, thus

requiring a delay and a final adjudication, at an inconvenience to all the witnesses, and additional costs and attorneys fees to the parties."*

Our careful research of the authorities disclosed no case where the register was ordered to certify the records to the Orphans' Court upon such unsupported allegations in a petition: McQuade Estate, 42 Luz. L. Reg. 37, 80 D. & C. 557 (1952), is instructive and in many particulars is directly analagous to the instant proceedings. The dispute in McQuade concerned two wills of decedent that were offered for probate. The petition for certification was filed pursuant to section 207 of the Register of Wills Act of 1951, supra. It alleged that the contest of the will was based on the fact that the will was a forgery, that the determination of the question would require the taking of lengthy testimony, the attendance of handwriting experts from outside the Commonwealth, and that unnecessary delay would be caused and costly expense would be duplicated if the matter were to be heard first before the register and then later before the Orphans' Court. Jones, *P. J.* (now Mr. Justice Jones) said at 80 D. & C., page 564:

"It is the opinion of this court that on the allegations in the petition and the answer there is not sufficient to justify this court, at this stage of the proceedings, to direct certification to it of the record of the Register.

"Before this court will feel justified in directing certification of the record by the register there must

---

*These general allegations do not satisfy the pleading standards of a petition for certification of the record of the register to the Orphans' Court. In Townsend Will (No. 1), 16 Fiduc. Rep. 237 (1966), the court discussed the pleading standards indicating the allegations must be factually specific and not conclusionary.

be presented to it some evidence of an unusual, a complicated, or an extraordinary situation; otherwise, the Orphans' Court will be turned into a court of probate and it will be usurping duties ordinarily and regularly entrusted by statute to the register."

Cf. Nearhoff Estate, 8 D. & C. 2d 199, 6 Fiduc. Rep. 209 (1956).

The Orphans' Court of Lancaster County arrived at a similar conclusion in Ulmer Estate, 53 Lanc. 61, 80 D. & C. 359, 2 Fiduc. Rep. 297 (1952). There, at 2 Fiduc. Rep. 298, the petition for certification averred: "That on August 14, 1951, Katie Ulmer executed what is purported to be her last will and testament; that on October 28, 1951, she executed what petitioner believes to be her last will and testament; that if the latter instrument is decedent's last will and testament, petitioner is a life tenant of her real estate; that both wills have been offered to the register of wills for probate, although no hearing has been held, caveats and bonds having been filed by the purported executors of these instruments; that regardless of the decision of the register of wills as to which instrument is entitled to probate, the aggrieved party will appeal from such decision to the orphans' court and that the best interests of the parties would be served to have a determination made immediately by the orphans' court."

A citation was issued upon the petition pursuant to section 207 of the Register of Wills Act of 1951 but neither the register nor any party in interest filed an answer. Nevertheless, Bowman, *P. J.*, denied the petition stating, at page 299:

"In the instant case no testimony has been taken before the register. This matter comes before the court merely on allegations in the petition. Whether there is any real reason for a certification of the record to this court can only be ascertained after at

least some hearing has been held before the register. Accordingly, we do not feel that the instant case is one in which the court should exercise its discretion and order the register to certify the record to it." In accord, Greenawalt's Estate, supra.

Since the instant case is not distinguishable in any substantial manner from the facts considered by the courts in the McQuade, Ulmer or Greenawalt cases, we similarly feel that this court should exercise its discretion and not order the register to certify the record to it. If after the taking of testimony before the register it develops that there is some disputable and difficult matter for determination, the register may, under the provisions of section 907, certify the record to this court. At that time the court, on the other hand, may feel justified in ordering certification upon proper application. Until then, we shall refuse petitioner's prayer to certify the record.

### ORDER

Now, January 15, 1976, for the reasons stated in the foregoing opinion, it is ordered, adjudged and decreed that the petition for certification be and herewith is denied.